UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **RAMONA BERRY,**<br><br>     **Plaintiff,**<br><br>vs.<br><br>**THE BOROUGH OF LINDENWOLD, PATROLMAN SEAN WILLIAMS individually and as a police officer for the Borough of Lindenwold and JOHN DOE POLICE OFFICERS 1-10,**<br><br>     **Defendants.** | **CASE NO. 1:14-07343-RBK-AMD**<br><br>**2nd AMENDED COMPLAINT** |

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action under 42 U.S.C. §1983 seeking redress for the extraordinary misconduct of Patrolman Sean Williams and John Doe Police Officers 1-10 who used improper and unconstitutional means to subject plaintiff Ramona Berry to unlawful arrest, unreasonable force, unlawful detention, unreasonable searches of her body for the purpose of sexual humiliation on multiple occasions, and malicious prosecution. The actions and conduct of defendant Patrolman Sean Williams were the result of policies, practices, customs, and deliberate indifference on the part of defendant the Borough of Lindenwold, including the use of covert video surveillance on unsuspecting arrestees who, as plaintiff did, believed they had the privacy required to use the bathroom without being observed by police officers.

## II. JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(a)(1),(2) (3), (4,), U.S.C. § 1367(a)  and the aforementioned

statutory provision. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## III. PARTIES

3. Plaintiff Ramona Berry is an adult citizen of Lindenwold, New Jersey.

4. Plaintiff Ramona Berry was at all times relevant to this action located in the District of New Jersey.

5. Defendant Borough of Lindenwold is a municipality of the State of New Jersey and owns, operates, manages, directs, and controls the Lindenwold Police Department which employs defendant Patrolman Sean Williams.

6. Defendant Patrolman Sean Williams, at all relevant times, was a police officer for the Lindenwold Police Department acting under color of state law.

7. Defendant Patrolman Sean Williams is being sued in his individual and official capacities.

8. John Doe Police Officers 1-10 were police officers for the Lindenwold Police Department acting under color of state law.

9. John Doe Police Officers 1-10 are being sued in their individual and official capacities.

10. At all relevant times all defendants were acting in concert and conspiracy and their actions deprived the plaintiff of her constitutional and statutory rights.

11. At all times relevant to this Complaint, all defendants acted under color of state law.

## IV. FACTUAL ALLEGATIONS

12. On or about 09/12/14 plaintiff Ramona Berry was sleeping at home when her daughter Aisha Medley woke her up and told her that the police had her other daughter, Gara Medley, pulled over just up the street from plaintiff's home.

13. Aisha Medley then drove plaintiff to the area where the police had detained Gara Medley during a vehicle stop. Aisha Medley parked her car across the street from where the police had detained Gara Medley. Plaintiff told one of the many police officers in the area that she was the mother of Gara Medley. Plaintiff asked said officer what was going on.

14. Defendant Williams walked across the street leaving the area where police had Gara Medley in custody and began screaming at plaintiff's other daughter, Aisha, demanding to know her name. Aisha was wearing a shirt that said "Aisha" on it. Plaintiff asked Defendant Williams why he was screaming at Aisha. Plaintiff then told Defendant Williams that she was the mother of both Gara and Aisha and could tell him who was who.

15. Defendant Williams then started screaming and cursing at plaintiff and ordered her to leave. Plaintiff again tried to tell Defendant Williams who she was and told him she only wanted to know what was going to happen to her daughter Gara. Although plaintiff Ramona Berry never interfered with the investigation and arrest of Gara Medly, Patrolman Sean Williams, who left the scene of the police investigation regarding Gara Medley, approached plaintiff and, completely unprovoked, became verbally and physically aggressive towards the fifty-year-old 5'6" 138lb plaintiff.

16. In the face of defendant Patrolman Sean Williams' unprovoked aggression plaintiff tried to explain that she was the mother of Gara Medley and just wanted to know what was happening to her daughter. Defendant Patrolman Sean Williams responded by lunging at plaintiff, continuously cursing and screaming at her, and ordering her to get into Aisha Medley's car or be arrested. Plaintiff turned around and grabbed the handle of the front passenger side door of Aisha Medley's car and tried to open the door but was having

trouble. Defendant Patrolman Sean Williams walked up behind plaintiff and while he was a few inches from her back, continued screaming and cursing in her ear and threatening to arrest her.

17. This caused plaintiff to be nervous and scared for her personal safety, which caused her to frantically pull on the car door handle which prevented Aisha Medley, who was pushing the unlock button, from unlocking the door. After a brief period of time of trying to open the car door with defendant Patrolman Sean Williams screaming and cursing in her ear, plaintiff gave up trying to open the door in frustration.

18. Defendant Patrolman Sean Williams then seized plaintiff Ramona Berry's person, slammed her fifty-year-old body and head into a parked car, bent her over the car, handcuffed her violently, dragged and pushed her to a police car, tossed her roughly into the back of a police car, and violently shoved plaintiff's legs into the car.

19. During the seizure of plaintiff she and Aisha Medley told defendant Patrolman Sean Williams that plaintiff had back injuries in the recent past and asked Patrolman Sean Williams to stop handling plaintiff so roughly. Defendant Patrolman Sean Williams ignored said pleas for humane treatment and continued to berate and physically abuse the plaintiff. After plaintiff was thrown into the back of a police car a police officer conducted a brief search of plaintiff while asking her if she had anything on her which could harm her or the police. No contraband was recovered during said search.

20. Plaintiff was then transported to the Lindenwold Police station parking lot. Defendant Patrolman Sean Williams pulled plaintiff out of the car and began reaching his hands underneath plaintiff's clothes and undergarments, pulling her clothes and undergarments away from her body, and forcefully grabbing and groping plaintiff's genital area and

breasts during a second search of plaintiff.

21. Defendant Patrolman Sean Williams conducted this second gratuitous and humiliating search in full view of several male police officers who all stood around plaintiff and shined their flashlights on her while Defendant Patrolman Sean Williams groped and exposed her genitals and breasts in the public parking lot.

22. There was no lawful purpose for defendant Patrolman Sean Williams to conduct this second gratuitous search of plaintiff's person, and said search was conducted for the purpose of sexually humiliating and intimidating plaintiff in the parking lot while she was surrounded by male police officers staring at her exposed body while illuminating her with their flashlights.

23. Once plaintiff was taken into the police station, she was placed in a cell with a toilet and a door that can be shut for privacy. There was a surveillance camera trained on the cell and toilet. Plaintiff was given no notice of the camera pointed at the toilet and cell. Plaintiff, who was in the middle of her menstrual cycle, shut the door to the hallway and used the toilet, not knowing that she was under video surveillance. Defendant Patrolman Sean Williams initiated a criminal prosecution for two disorderly persons offenses by creating a police report and criminal complaint and summons with information that he knew to be false, namely, that plaintiff had obstructed his investigation of Gara Medley, and that the 50-year-old-plaintiff with her hands cuffed behind her back and surrounded by male officers, "body checked" defendant Patrolman Sean Williams in the parking lot outside of the police station.

24. Defendant Patrolman Sean Williams' actions in unlawfully seizing plaintiff Ramona Berry's person, slamming her fifty year old body into a parked car, bending her over the

car, handcuffing her, violently dragging and pushing her to a police car, tossing her roughly into the back of a police car, and violently shoving plaintiff's legs into the car, while screaming threats and obscenities at the plaintiff, and then drumming up false charges against her was part of a practice, policy, custom or usage of the Lindenwold Police Department to unlawfully seize and assault, and to unlawfully drum up false charges against, people who question the actions of police or in any way speak up for themselves in an attempt to assert their rights when they see wrongful police actions.

25. Defendant Patrolman Sean Williams initiated the aforementioned criminal prosecution knowing that no probable cause existed to do so.

26. Defendant Patrolman Sean Williams initiated the aforementioned criminal prosecution for the purpose of further punishing plaintiff's lawful actions in simply asking questions about what was happening to her daughter.

27. Plaintiff acquired video surveillance showing, inter alia, when she was taken out of the police car in the Lindenwold Police Station during which period Patrolman Sean Williams wrote in his official paperwork and complaint that plaintiff "body checked" him while she was handcuffed, and when she used the toilet in her cell without knowledge of the fact that she was being observed via video camera.

28. The criminal case against plaintiff was dismissed after the video was produced.

29. Defendant John Does 1-10 conspired with and assisted defendant Patrolman Sean Williams in his various violations of plaintiff's rights as described above, including but not limited to, standing around plaintiff in the parking lot and shining their flashlights on her and laughing at her while she was being subjected to the aforementioned second gratuitous and sexually humiliating search of her person involving groping and exposure

of her genitals and breasts in the open air, covertly peeping on plaintiff while she used the toilet, not knowing that she was being taped, assisting with the malicious prosecution of plaintiff regarding the false disorderly persons charges, failing to stop defendant Patrolman Sean Williams from conducting the second gratuitous search outside the police station for the purpose of sexually humiliating her, failing to prevent or report the malicious prosecution of plaintiff based on knowingly false information.

30. Defendant Patrolman Sean Williams disregarded proper police practices regarding search and seizure of persons and these actions, among others, led to the improper conduct in this case.

31. Defendant Patrolman Sean Williams also disregarded proper police practices when he knowingly included false accusations in his police report in order to cause plaintiff to be criminally prosecuted.

32. Defendant the Borough of Lindenwold disregarded proper police practices regarding the use of surveillance cameras at the Lindenwold police station. Plaintiff was subjected to being videotaped, without her knowledge or consent, using the bathroom during her menstruation cycle.

33. No lawful purpose existed for placing plaintiff, who was to be released a short time later with a summons for disorderly persons offenses, into a cell with a toilet that was being taped without telling her that she was on camera.

34. Plaintiff has the right to shield her body from members of the opposite sex, and would have had she known that she was on camera. Her intent to so shield herself can clearly be seen in the video wherein she closes the door to the hallway before using the toilet.

35. Defendant John Doe Police Officers 1-10 observed plaintiff using the toilet via the

surveillance camera in violation of plaintiff's rights.

36. Plaintiff did not commit any offenses against the laws of the State of New Jersey, the United States, or the Borough of Lindenwold, or engage in any conduct which justified the actions of any of the defendants.

37. The unlawful seizure, searches, use of force, excessive force, groping and exposure of her genitals and breasts in the parking lot, video recording of plaintiff's genitals during her menstruation cycle while using the toilet behind what she reasonably thought was a privacy door, and malicious prosecution based knowingly on false information were the direct result of the defendants' pattern, practice, and custom of subjecting citizens such as plaintiff to the aforesaid abuses in the absence of probable cause that any crime had been committed, and for improper purposes such as punishing and intimidating the local population for questioning the actions of police.

38. Defendant Patrolman Sean Williams acted willfully, deliberately, maliciously or with reckless disregard of the plaintiff's constitutional and statutory rights.

39. Defendants John Doe Police Officers 1-10 acted willfully, deliberately, maliciously or with reckless disregard of the plaintiff's constitutional and statutory rights.

40. Defendant Borough of Lindenwold, through and with the Lindenwold Police Department, acted willfully, deliberately, maliciously or with reckless disregard of the plaintiff's constitutional and statutory rights.

41. As a direct and proximate result of the actions of all defendants, the plaintiff suffered and continues to suffer physical and psychological harms, pain and suffering, damage to reputation, some or all of which may be permanent, as well as financial losses.

42. The defendants engaged in the aforesaid conduct for the purpose of violating the

plaintiff's constitutional rights by subjecting the plaintiff to unlawful searches and seizures, unreasonable and excessive force, unlawful and arbitrary detention, sexually humiliating conditions and acts, and malicious prosecution based on known falsities.

43. The actions and conduct of Patrolman Sean Williams was caused, aside from his own shocking behavior, by a policy, practice and custom of defendant Borough of Lindenwold's Police Department of failing, with deliberate indifference, to supervise, monitor, and properly train police officers with respect to their duty to arrest people based only on probable cause and truthful information, to refrain from using excessive force, to treat arrestees humanely in a way that is not sexually degrading and humiliating, and to refrain from surreptitiously videotaping women using the bathroom.

44. Defendant Borough of Lindenwold has failed to properly discipline the defendant Patrolman Sean Williams and other officers in cases involving violations of the rights of civilians, including cases of improper search, seizure, arrest, and prosecution, thereby causing the violations in this case.

45. The above described actions of all of the defendants caused the violations of the plaintiff's rights under the Fourth and Fourteenth Amendments and 42 U.S.C. §1983 as alleged in this Complaint.

## CIVIL RIGHTS VIOLATIONS

46. Plaintiff incorporates by reference paragraphs 1-45 of the instant Complaint.

47. As a direct and proximate result of all defendants' conduct, committed under color of state law, the plaintiff was deprived of the right to be free from unlawful detention, subjected to unlawful search and seizure and the unreasonable and excessive use of force, deprived of the right to be secure in ones' person and property, deprived of the right to be

free from malicious prosecution, and deprived of her right to due process of law. As a result, the plaintiff suffered and continues to suffer harm in violation of her rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

48. As a direct and proximate result of the acts of all defendants, the plaintiff sustained injuries, emotional harm, loss of liberty and financial losses, all to her detriment and harm.

WHEREFORE, the plaintiff requests the following relief:

a. Compensatory damages as to all defendants;

b. Punitive damages as to all defendants;

c. Reasonable attorney's fees and costs as to all defendants;

d. Such other declaratory and further relief as appears reasonable and just; and

e. A jury trial as to each defendant as to each count and as to compensatory and punitive damages.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates the undersigned as trial counsel.

/S/ Derek A. Steenson, Esquire
Derek A. Steenson, Esquire
Attorney ID No. 261851970
1500 Walnut Street, #700
Philadelphia, PA 19102
(215) 253-8658
Counsel for Plaintiff

01/26/16